Mersereau agt. Pearsall.

## SUPREME COURT.

### MERSEREAU agt. PEARSALL.

A motion for new trial, or rehearing, on the ground of surprise or newly discovered evidence, may be made, and granted, after judgment.

Such a motion made, after an appeal to the general term is decided, will be denied, where it appears the grounds for the motion were known to the party before making the appeal.

A new trial will not be granted on an affidavit by a witness, that he was mistaken or surprised on his examination; and explaining and correcting the same. And especially where his testimony is cumulative, merely.

*Broome Special Term, December* 1851. This is a motion by the defendant to set aside the judgment and report of referees, made and perfected the 10th of May 1850, and for a new trial; which judgment was appealed from and affirmed at the general term of the Supreme Court, in September 1851. The motion is founded upon the affidavit of Mr. Wentz, an engineer, who was selected by the parties to take the water level of the Susquehannah river, in order to ascertain the effect which the defendant's mill dam had upon the plaintiff's mill wheels, further up the same stream—the action being to recover damages for flooding plaintiff's wheels.

Mersereau. agt. Pearsall.

The affidavit of Wentz, now produced, in substance, states, that he made a mistake of one foot against the defendant in taking that level, and which mistake he discovered since the trial; and endeavors to account for it. The defendant's own affidavit is also produced, showing the importance of the mistake, on the trial, &c. On the other side, it is shown by the affidavit of this same Wentz, that he made no mistake in his former testimony, but that the difference in the two levels made by him, was owing to the difference in the volume of water in the stream, and to other causes. It is also shown by affidavit, and by the case made, containing the evidence used on the trial, that many witnesses were examined on the same questions that Wentz was; and that the change of his evidence from one side to the other would be only cumulative evidence. It is also shown by affidavit, that the defendant was fully apprised of the pretended mistake of Wentz prior to the argument of the appeal at general term, in September last.

     MR. TOMPKINS, *for the Motion.*

     MR. NORTHROP, *Opposed.*

SHANKLAND, Justice.—I am of opinion that a motion for a new trial, or rehearing, on the ground of newly discovered evidence, may be made, and granted, after judgment is entered on the report of referees.

It is true, that under the former practice, these motions must be made before judgment was perfected (4 *Hill;* 15 *J. R.* 354), and could not be made afterwards. But by the rules then existing, judgment could not be entered in vacation; and the defendant had four days in term after rule for judgment was entered, in which to make motions in arrest, and for new trials. But by the Code, judgments may be entered and perfected in vacation, and are peremptory (*Code of* 1849, § 272, 267; *Code of* 1851, § 272, 267).

If, therefore, a motion for a new trial, on the ground of surprise, or newly discovered evidence, comes too late after judgment, the defendant would practically be denied the benefit of such motions, in all cases. But in this particular case, the defendant, instead of moving for a new trial, for the reasons set

forth on this motion, appealed to the general term; and did not move until he was beaten at the general term, on such appeal.

In this respect he was guilty of great laches; because he was well aware of the mistake Wentz had made, before the argument of the appeal. It seems to me this fact should defeat the motion.

But there is another and authoritative answer. In the case of Steenbach vs. The Columbian Insurance Co. (2 *Cai. Rep.* 129), it was held that a new trial will not be granted on an affidavit by a witness, that he was mistaken, or surprised on his examination; and explaining and correcting the same.

In the case before me, Wentz testifies to his mistake on the former trial, or rather that on taking the level of the river subsequent to the trial, he finds a difference of one foot in the fall, between the two dams, from what he found it on the first examination; and he further states that he can not account for that variation, except upon the supposition that he made a mistake on the first examination. It may be that where but one witness proves a fact material and necessary to sustain a verdict or report, and that witness subsequently discovers that he has made an honest mistake, and imparts the fact to the party, beaten, he may obtain a new trial, if he uses due diligence. But where the evidence of the witness was in fact merely cumulative, and only conspired with other testimony on the same point, to produce the verdict, or report complained of, I think the mistake of the witness should not produce a new trial. In such case, the subtraction of the witness from the number produced by the plaintiff, and adding him to the number produced by the defendant, would be no more nor less than cumulative evidence. Very few causes are tried, in which some witness on the part of the successful litigant does not make mistakes in respect to some fact, testified to by him; and if the affidavit of a witness to his own mistake is to procure a new trial, there is no reason for prohibiting affidavits of third persons, to show the witness mistaken, although he should not himself confess it, or should even deny it. In this case many other witnesses besides Wentz, testified to facts tending to prove the defendant's dam the cause of the flooding the plaintiff's wheel, and it is not certain, or even probable, that the report would have been different, if his evidence had not been given.

But the plaintiff has read in opposition to this motion an affidavit of this same witness, made subsequent to the one read by the defendant, in which he takes back all he had said in his first affidavit, or substantially explains it away.

The whole foundation of the motion is, therefore, removed; and on this ground also, the motion must be denied.

Motion denied with ten dollars costs.